# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

| | |
|---|---|
| REBECCA MESSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: 5:15-CV-196-MW-GRJ |
| | ) |
| SOVEREIGN HEALTHCARE OF | ) |
| BONIFAY, LLC D/B/A BONIFAY | ) |
| NURSING AND REHAB CENTER, | ) |
| | ) |
| Defendant. | ) |
| _____ | / |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

COME NOW, the Plaintiff, REBECCA MESSER (hereinafter "Plaintiff"), and Defendant, SOVEREIGN HEALTHCARE OF BONIFAY, LLC (hereinafter "Defendant"),[1] by and through their attorneys of record, and move this Court to approve the settlement of this case against Defendant, and in support thereof, the Parties state as follows:

---

[1] Plaintiff and Defendant are referred to as "Parties" when referred to collectively herein.

1. This is an action under the Fair Labor Standards Act where the Plaintiff alleges that Defendant failed to pay her minimum wages for all hours worked and overtime compensation for all hours of work in excess of 40 hours in a workweek in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  Plaintiff also advanced a retaliatory discharge claim against Defendant under Florida Statutes section 440.205. Defendant denies these allegations and maintains that no violation of either the FLSA or Florida Statutes occurred.

2. The Parties have engaged in discovery, and after the completion of written discovery they engaged in good faith, arm's-length negotiations in an effort to settle the Plaintiff's claims against Defendant.

3. Based upon those negotiations, the Parties desire to resolve all issues in the case.

4. The Parties have agreed on a settlement amount that includes monetary payments that are in consideration of, *inter alia*, Plaintiff's claims for overtime wages, liquidated damages, alleged mental and emotional distress, and attorneys' fees (the "Settlement").  Plaintiff has executed a settlement agreement and general release in the form attached hereto as Exhibit A ("the Settlement Agreement"), by which the Parties have agreed to compromise and dismiss this action.

5. The Parties seek Court-approval of the Settlement pursuant to <u>Lynn's Food Stores, Inc. v. United States Dep't of Labor</u>, 679 F.2d 1350, 1350-1355 (11th Cir. 1982). In <u>Lynn's</u>, the Court expressed concern that a settlement of an FLSA claim be a "reasonable compromise of disputed issues" and not simply "a mere waiver of statutory rights brought about by an employer's overreaching." <u>Id.</u> at 1354. The Court recognized that a settlement that occurs after an employee (who is likely represented by an attorney who can protect his rights) has filed suit is likely to reflect a reasonable compromise of disputed issues. <u>Id.</u> To ensure that any settlement of an FLSA claim is in fact a reasonable compromise and not an unfair waiver of statutory rights, the <u>Lynn's</u> Court required the settlement to be approved by the district court. <u>Id.</u>

6. In determining whether the settlement of an FLSA claim is a fair and reasonable compromise, Courts consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense and the likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the employee's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. See <u>Pessoa v. Countrywide Home Loans, Inc.</u>, 2007 WL 1017577, at *3 (M.D. Fla., Apr. 2, 2007), citing <u>Leverso v. SouthTrust Bank of Ala., Nat. Assoc.</u>, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). Here, the Parties submit these factors strongly support

approval of the Settlement.

7. As to the first factor, the Parties' counsel, and the Parties through their respective counsel, represent to the Court that there has been no collusion, fraud, or any other inappropriate conduct by either Plaintiff or Defendant in this case; and that the Settlement is the product of good faith, arms-length negotiations and an assessment by both Parties of the risks and benefits of litigation and settlement.

8. Regarding the second factor, the case has various complexities, and continued litigation would require considerable expense. This case was set for arbitration with the American Arbitration Association and would require considerable time and costs to fully litigate this matter. Therefore, the Parties recognize that there could be considerable risk regarding whether Plaintiff was entitled to overtime wages under the FLSA and whether there is sufficient proof to establish retaliatory discharge under the Florida Statutes.

9. As to the third factor, the Parties have conducted written discovery. Interrogatories have been answered, documents have been exchanged, and other documents have been subpoenaed. Based upon this discovery, the Parties understand that there is probative evidence to support Defendant's defenses and that there would have been considerable disputes of fact regarding both Plaintiff's entitlement to overtime as well as the amount thereof.

10. Regarding the fourth factor, the Parties vigorously dispute: (1)

whether Plaintiff actually worked overtime; (2) the number of hours Plaintiff actually worked each week; (3) whether any alleged violation of the FLSA was "willful"; (4) which statute of limitations applies; and (5) whether the fluctuating workweek method for calculating damages applies.  As a result, the Parties recognize that there would be significant factual disputes as to whether Plaintiff was entitled to overtime under the FLSA, whether she worked the number of hours which she claimed, whether Defendant had good faith grounds to support its pay practices, and whether there was any "willful" violation of the FLSA.  Plaintiff thus had a significant risk of no recovery at all.  Moreover, both Parties recognize that there are difficulties, uncertainties, risks, and expenses associated with establishing their respective positions in Court.

11.    As to the fifth factor, the range of possible recovery under the FLSA was very broad. Plaintiff alleged working unpaid overtime during the final two (2) months of her employment with Defendant. Plaintiff estimated that she worked approximately two (2) to three (3) hours of unpaid overtime per week for her final eight (8) weeks of employment, at her applicable overtime rate of $19.50 per hour (regular pay rate of $13.00 per hour) results in an approximate range from $312.00 to $468.00 in unpaid overtime. Additionally, there was a chance the Plaintiff would not be successful and fail to make any recovery. Based on an evaluation of the case, the Parties agreed to an amount of $420.00 in unpaid wages plus an equal

5

amount of liquidated damages, for a total of $840.00. The Parties also agreed to an attorney's fee of $3,000.00 for the FLSA claim, based on a compromise of the hours worked by counsel for Plaintiff. The remaining $5,560.00 of the settlement is attributed to Plaintiff's claim of retaliatory discharge, of which, a compromised amount of $760.00 will be attributed to attorney's fees. As a result, the total amount of the settlement is $9,400.00, inclusive of attorney's fees and costs.

12. Regarding the sixth factor, at all times during this proceeding the Parties have been represented by counsel experienced in the litigation of FLSA and other employment claims.  Both Parties' counsel represent that they engaged in detailed arms-length negotiations before reaching an agreement.  Both counsel further represent to the Court that they believe the terms of settlement and the Settlement Agreement are fair, reasonable, adequate, and in the Parties' best interests.

13. Based on the foregoing, the Parties reached a fair and reasonable settlement agreement consisting of $420.00 attributable to the unpaid overtime claim, $420.00 attributable to liquidated damages, $3,000.00 in attorney's fees for the FLSA claim, and $5,560, inclusive of attorney's fees, attributable to the retaliatory discharge claim. This settlement agreement has been reached in conjunction with the related workers' compensation claim. The Parties would respectfully submit that the settlement agreement reached is fair and reasonable,

while also consistent with federal law.

14. Court approval is necessary to effectuate a valid and enforceable release of Plaintiff's FLSA claims.

15. The Parties, through their counsel, hereby seek judicial approval of their compromise and the resolution of the dispute between Plaintiff and Defendant. Accordingly, the Parties jointly submit the Settlement Agreement to the Court.

WHEREFORE, THESE PREMISES CONSIDERED, the Parties respectfully request that this Court approve their compromise and the resolution of the dispute between Plaintiff and Defendant, and that this Court grants such other, further and different relief as this Court deems fair and just.

Respectfully submitted this 15th day of March, 2017.

| | |
|---|---|
| s/Gregory K. Rettig | s/Jeremiah J. Talbott |
| Gregory K. Rettig, Esq. | Jeremiah J. Talbott, Esq. |
| Florida Bar Number:  172774 | Florida Bar Number:  0154784 |
| J. Andrew Talbert, Esq. | Bradley S. Larsen, Esq. |
| Florida Bar Number:  0106003 | Florida Bar Number:  0114100 |
| Quintaros, Prieto, Wood & Boyer, P.A. | Jeremiah J. Talbott, P.A. |
| 114 E. Gregory Street | 900 East Moreno Street |
| Pensacola, Florida  32502 | Pensacola, Florida  32503 |
| (850) 434-6490 | (850) 437-9600 |
| Attorneys for Defendant | Attorneys for Plaintiff |