# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (hereinafter, "Agreement") is entered into by and between Rebecca Messer ("Messer"), and Sovereign Healthcare of Bonifay, LLC d/b/a Bonifay Nursing & Rehab Center, (the "the Released Party"). In this Agreement, "the Released Party" shall at all times include Sovereign Healthcare of Bonifay, LLC d/b/a Bonifay Nursing & Rehab Center, Sovereign Healthcare Holdings, LLC and Southern Healthcare Management, LLC, as well as any and all related entities, corporations, partnerships and subsidiaries, their respective current and former directors, officers, shareholders, partners, successors in interest, representatives and agents, both in their representative and individual capacities.

### PREAMBLE

WHEREAS, Messer was formerly employed by Sovereign Healthcare of Bonifay, LLC d/b/a Bonifay Nursing & Rehab Center;

WHEREAS, the Released Parties and Messer desire to enter into this Agreement;

The Released Parties and Messer state as follows:

1. **Waiver of Rights and Claims Against The Released Parties**.

Messer knowingly and voluntarily waives any and all known and unknown rights and claims which she has or may have against the Released Parties as of the date of execution of this Agreement, including but not limited to any claim(s) under:

- The Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*;
- Section 440.205, Florida Statutes, referred to as "Retaliatory Discharge";
- Any other federal, state or local civil or human rights law or any other federal, state or local law, regulation or ordinance; or
- Any public policy, contract, or common law claims, including any tort claims (*e.g.*, negligent or intentional infliction of emotional distress, defamation, assault, battery, false imprisonment, wrongful termination, negligent supervision, training, etc.) whether based on common law or otherwise.

This waiver also bars any claim or demand for costs, fees, or other expenses including attorneys' fees incurred in connection with any of the above-referenced claims.

The listing of claims waived in this Section 1 is intended to be illustrative rather than exhaustive. **Thus, Messer acknowledges and agrees that this Agreement constitutes a full and final bar to any and all claims of any type that she has now or in the future against the Released Parties as a result of her employment with Sovereign Healthcare of Bonifay, LLC d/b/a Bonifay Nursing & Rehab Center.**

Notwithstanding the foregoing, the waiver set forth in this Section 1:

Messer's Initials: \_\_\_\_

Page 1 of 6

- Shall not apply to any benefits in which Messer is now vested under any compensation or benefit plans, programs and arrangements maintained by Sovereign Healthcare of Bonifay, LLC d/b/a Bonifay Nursing & Rehab Center for the benefit of its employees;

- Does not apply to the currently pending Worker's Compensation claim that has been negotiated to a separate settlement and is the subject of a separate release and settlement agreement.

2. **No Lawsuits**.

    A. Messer promises not to institute or have instituted on her behalf any lawsuit against the Released Parties based upon any claim she is waiving in Section 1, above. Messer agrees that with respect to the claims she is waiving herein, she is waiving not only her right to recover money or other relief in any action that she might institute, but also that she is waiving her right to recover money or other relief in any action that might be brought on her behalf by any other person or entity, including but not limited to the United States Equal Employment Opportunity Commission or any other federal, state or local governmental agency or department.

    B. Messer agrees that she shall dismiss with prejudice any pending lawsuit or administrative charge, specifically including but not limited to the lawsuit styled *Rebecca Messer v. Sovereign Healthcare of Bonifay, LLC*, *d/b/a Bonifay Nursing and Rehab Center*, Case No. 01-16-0000-3613, filed in the U.S. District Court for the Northern District of Florida, Panama City Division, upon receipt of final payment of the settlement amount.

    C. Messer also agrees that she shall not reapply for employment with Sovereign Healthcare of Bonifay, LLC d/b/a Bonifay Nursing & Rehab Center. Messer acknowledges that although previously employed with Bonifay Nursing and Rehabilitation Facility, her employment terminated before she instituted the subject action. Messer is not presently employed by any of the Releasees. Messer permanently, unequivocally, and unconditionally waives any and all rights she may now have, may have had in the past, or may have in the future to obtain or resume employment with any of the Releasees. Messer agrees never to apply for employment with any Releasee, their parent(s), successors, affiliates, and / or subsidiaries. In the event that Messer is ever mistakenly employed by a Releasee, its parent(s), successors, affiliates, and/or subsidiaries, Messer agrees to have her employment terminated with no resulting claim or cause of action against the Releasee, its parent(s), successors, affiliates, and/or subsidiaries.

3. **Confidentiality**.

    Messer agrees not to disclose any information regarding the existence or substance of the settlement or this Agreement to anyone except to an attorney or tax professional with whom she chooses to consult regarding her execution of this Agreement, and to members of her immediate family.

4. **Cooperation**.

Messer's Initials: \_\_\_\_

Messer agrees that she will not take any action, legal or otherwise, which might embarrass, harass or adversely affect the Released Parties or which might in any way work to the detriment whether directly or indirectly of the Released Parties. In particular and by way of illustration, not limitation, Messer agrees that she will not directly or indirectly contact members of the board or shareholders of the Released Parties, the press or media, any federal or state or local governmental agency, the Released Parties' managers or employees, customers or any entity that has a business relationship with the Released Parties, in order to disparage the good reputation or business practices of the Released Parties or any of the Released Parties' current and former officers, board members, directors, managers or employees.

5. **Breach of Agreement**.

   A. Messer agrees that if she breaches any of the promises set forth in this Agreement, the Released Parties shall have the right to immediately terminate the benefits payable under this Agreement and to require Messer to return all monies paid to her pursuant to this Agreement.

   B. In addition, Messer agrees that if she breaches the promises set forth in this Agreement and institutes a lawsuit or causes a lawsuit to be instituted or continued against the Released Parties based upon any claims that she has waived in this Agreement, or if she institutes a lawsuit to challenge this Agreement, Messer will pay all costs and attorneys' fees incurred by the Released Parties in defending against any such claim or challenge to this Agreement.

6. **Consideration**.

   A. In consideration for Messer's waiver of all claims against the Released Parties, and the other promises made by Messer in this Agreement, Sovereign Healthcare of Bonifay, LLC d/b/a Bonifay Nursing & Rehab Center, agrees to provide the following to Messer: Payment of settlement proceeds, jointly to Messer and the law firm of Law of J.J. Talbott in the amount of $9,400.00 (Nine Thousand Four Hundred Dollars) inclusive of attorney's fees and costs.

   B. Messer understands and acknowledges that she would not receive the benefits provided pursuant to this Section except for Messer's waiver of any and all claims against the Released Parties and her fulfillment of the promises contained in this Agreement.

   C. Messer also understands and agrees that the Released Parties make no representations regarding the tax consequences, if any, of this Agreement and that Messer shall be responsible for any and all taxes which may be due by virtue of this Agreement. Messer agrees to hold the Released Parties harmless from any action or lawsuit which may arise as a result of the settlement proceeds paid pursuant to this Agreement.

   D. Each party will pay its own expenses and attorneys' fees.

7. **Time to Consider Signing Agreement**

Messer acknowledges that she has been given adequate time to decide whether to sign this Agreement.

8. **Effective Date**.

This Agreement shall become effective when signed by Messer.

9. **Adequate Consideration**.

Messer agrees that payment to her of the money and benefits pursuant to this Agreement constitutes adequate and ample consideration for the rights and claims she is waiving under this Agreement and for the obligations imposed upon her by virtue of this Agreement.

10. **Encouragement to Consult Attorney**.

A. The Released Parties hereby encourage and advise Messer to consult an attorney before signing this Agreement.

B. Messer acknowledges that she has consulted an attorney before signing this Agreement.

11. **No Admission of Wrongdoing**.

Messer agrees that neither this Agreement nor the furnishing of any consideration under this Agreement shall be construed as an admission by the Released Parties of any liability or unlawful conduct. To the contrary, the Released Parties deny liability.

12. **Governing Law and Interpretation**.

This Agreement shall be governed and construed in accordance with the laws of the State of Florida. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction and if it cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. However, if the waiver language of Section 1 of this Agreement is declared unenforceable because of actions taken by Messer or on her behalf, Messer shall return to the Released Parties all monies paid to her under this Agreement.

13. **Entire Agreement**.

This Agreement sets forth the entire agreement between the Released Parties and Messer, and shall supersede any and all prior agreements or understandings, whether written or oral, between the parties, except as otherwise specified in this Agreement. Messer acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with Messer's decision to sign this Agreement, except for those set forth in this Agreement.

Messer's Initials: _____
Page 4 of 6

14. **Amendment**.

　　　This Agreement may not be amended except by written agreement signed by both parties.

15. **Headings**.

　　　Section headings are used herein for convenience of reference only and shall not affect the meaning of any provisions of this Agreement.

16. **Disputes**.

　　　In the event of a dispute as to the interpretation, application or violation of this Agreement, it is understood and agreed that such dispute shall be submitted to final and binding arbitration in Escambia County, Florida, pursuant to the Employment Dispute Resolution rules of the American Arbitration Association.  Parties acknowledge they are waiving the right to trial by jury of any claim(s) arising from this Agreement or Messer's employment with Sovereign Healthcare of Bonifay, LLC d/b/a Bonifay Nursing & Rehab Center.

　　　**The party hereto states that she has carefully read this Agreement and knows the contents thereof, that she has been provided the opportunity to receive the advice and assistance of her own legal counsel, that she has been given a reasonable time within which to decide whether to execute this agreement and she has signed the same as her own free act.**

　　　**The parties hereto warrant that they are competent to sign this Agreement.**

　　　HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN, MESSER FREELY AND KNOWINGLY, AND AFTER DUE REFLECTION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS MESSER HAS OR MIGHT NOW HAVE AGAINST THE RELEASED PARTIES.

Messer's Initials: _____
Page 5 of 6

      IN WITNESS WHEREOF, Messer has executed this Settlement Agreement and General Release.

By_____
Rebecca Messer
Dated:_____

STATE OF FLORIDA
COUNTY OF _____

The foregoing instrument was executed before me this _____ day of _____, 2017, by _____, who is personally known by me [or who has produced _____ as identification] and who took an oath.

_____
Notary Public
State of Florida at Large

_____
Type or Print Name of Notary
My Commission Expires:

Messer's Initials: _____
Page 6 of 6